# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIE FERNANDEZ, et al., | No. 2:13-cv-00975-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| OBESITY RESEARCH INSTITUTE, LLC, et al., | |
| Defendants. | |

The Court is in receipt of an Ex Parte Application for an Order to Show Cause Why Temporary Restraining Order Should Not Be Issued and to Appoint Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g)(3) ("Application"), filed by Plaintiffs Demarie Fernandez, Alfonso Mendoza, and Rhonda Stanley (collectively, "Plaintiffs").  (ECF No. 22.)

Issuance of a temporary restraining order ("TRO") as a form of preliminary injunctive relief "is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).  The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

1    Thus, Local Rule 231 requires that every application for a TRO be accompanied by "an
2    affidavit in support of the existence of an irreparable injury."  See E.D. Cal. R. 231(c).
3    Plaintiffs' instant Application fails to comply with Rule 231(c)'s procedural requirements
4    because it is not accompanied by such an affidavit.  The memorandum of points and
5    authorities filed in support of the Application also contains no allegations suggesting that
6    the claimed harm is so imminent in nature that Plaintiffs could not seek relief through a
7    properly noticed motion for preliminary injunction.  See E.D. Cal. R. 231(b) (providing
8    that, in reviewing a TRO request, the Court considers whether the applicant could have
9    sought relief by motion for preliminary injunction).
10         Additionally, the Temporary Restraining Order Procedures located on the Court's
11   website require a party filing a TRO motion to complete the TRO Checklist and file it as
12   an attachment to the parties' motion in CM/ECF.[1]  Plaintiffs' instant Ex Parte Application
13   does not contain the requisite TRO Checklist.[2]
14         Due to Plaintiffs' failure to comply with the Court's procedural requirements,
15   Plaintiffs' Ex Parte Application for an Order to Show Cause Why a Temporary
16   Restraining Order Should Not Be Issued will be denied without prejudice.  Plaintiffs may
17   refile their Application in compliance with Local Rules or file a properly noticed motion for
18   preliminary injunction.
19         As to Plaintiffs' Ex Parte Application to Appoint Interim Class Counsel, Plaintiffs
20   are hereby advised that this Court disfavors ex parte applications when the requested
21   relief could have been or can be sought through a regularly noticed motion.  See
22   Fernandez v. City of Los Angeles, 2009 WL 2169482, at *1 (C.D. Cal. Jul. 16, 2009) ("Ex
23   parte relief is generally disfavored when relief may be had through a regularly-noticed
24   motion.

---

[1] See http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/temporary-restraining-order-tro-procedures/ (last visited July 3, 2013).
[2] The Court's Temporary Restraining Order Procedures also require that, when filing a TRO request in CM/ECF, a party must choose Motion for Temporary Restraining Order under the Motions category, so the court receives appropriate notice of the filing.  Plaintiffs' failure to comply with this procedural requirement has caused delays in bringing the instant Application to the Court's attention.

[It] will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief."); U.S. v. Western Titanium, Inc., 2010 WL 3789775, at *2 (S.D. Cal. Sep. 27, 2010) ("[T]he ex parte filing of documents . . . would be disfavored by the Court and would not be permitted absent a compelling showing of need."). Plaintiffs have failed to make a compelling showing of need or to demonstrate good cause in seeking the appointment of interim class counsel on an ex parte basis. Since nothing in Plaintiffs' moving papers indicates that they cannot seek the requested relief through a regular motion, the Court will deny Plaintiffs' Application to Appoint Interim Class Counsel without prejudice to refiling as a properly noticed motion. See E.D. Cal. R. 230.

For the reasons set forth above, it is hereby ordered as follows:

1. Plaintiffs' Ex Parte Application for an Order to Show Cause Why Temporary Restraining Order Should Not Be Issued (ECF No. 22) is DENIED WITHOUT PREJUDICE. Plaintiffs may refile their Application in compliance with Local Rule 231 and the Court's Temporary Restraining Order Procedures or file a properly noticed motion for preliminary injunction.

2. Plaintiffs' Ex Parte Application to Appoint Interim Class Counsel (ECF No. 22) is DENIED WITHOUT PREJUDICE. Plaintiffs should, if they choose to do so, file a properly noticed motion in compliance with Local Rule 230.

IT IS SO ORDERED.

Dated: July 3, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT